Ojha v. Holder

BIA
Videla, IJ
A087 464 999

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

PARASH MANI OJHA,
> *Petitioner,*

v.                                          12-2796
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Parash Mani Ojha, a native and citizen of Nepal, seeks review of a June 26, 2012, decision of the BIA, affirming the January 4, 2011, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying Ojha's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parash Mani Ojha*, No. A087 464 999 (B.I.A. June 26, 2012), *aff'g* No. A087 464 999 (Immig. Ct. N.Y. City Jan. 4, 2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

Under the circumstances of this case, we review the decision of the IJ as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may,

"[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of the applicant's account, and inconsistencies in her statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

In finding Ojha not credible, the agency reasonably relied on his demeanor, noting that he laughed inappropriately at times and that his testimony was hesitant and evasive at other times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Those findings are supported by the hearing transcript.

The agency's adverse credibility determination is further supported by specific examples of inconsistencies between Ojha's testimony and his other statements of record. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of

3

inconsistent testimony."). Indeed, the agency reasonably found inconsistent statements regarding his motives for coming to the United States and whether he suffered harm on account of his political activities after 2005. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Moreover, a reasonable fact finder would not be compelled to credit Ojha's explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80-81.

Given the demeanor and inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence, and was dispositive of Ojha's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we need not review the agency's alternative determination that Ojha failed to satisfy his burden of proof.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk